IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RONALD JAMES TORRES,

       Petitioner,

v.                                  2:26-CV-014-Z-BR

RANDALL COUNTY SHERIFF,

       Respondent.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss the Petition for a Writ of Habeas Corpus filed by the petitioner in this case. ECF No. 9. An Objection to the FCR has been filed. ECF No. 10. After making an independent review of the pleadings, files, and records in this case, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 9) is **ADOPTED** and the Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice.

### LEGAL STANDARD

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b)(2). For timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge filed her FCR on April 23, 2026. ECF No. 9. Plaintiff filed his Objection fourteen days later. ECF No. 10. Because Plaintiff's Objection was timely, this Court reviews de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

The FCR recommends dismissal for failure to comply with the Court's Order to pay the filing fee required for this petition. *See* ECF No. 9. On March 11, 2026, the Court denied Petitioner's Motion for Leave to Proceed *in forma pauperis* ("IFP") and ordered the Petitioner to pay the filing fee within thirty days. ECF No. 8. Petitioner did not respond to that Order or pay the filing fee, so the Magistrate Judge entered her FCR recommending dismissal. ECF No. 9. Petitioner has now filed an Objection, stating that a prison officer told him that "by signing the [IFP] form [Petitioner] gave the Court permission to deduct the fee from [his] account." ECF No. 10. Even assuming Petitioner's confusion is genuine, he has been on notice at least since receiving the FCR that he has not yet paid the filing fee. Yet his Objection does not indicate any attempts made to correctly pay the filing fee, or state that any attempts will be forthcoming. *See generally id.* He was ordered over two months ago to pay the filing fee (ECF No. 8) and has not done so. Because Petitioner's Objection does not indicate that he will attempt to comply with the Court's Order, the Objection is **OVERRULED**.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection and concludes that the FCR of the Magistrate Judge is correct following de novo review. It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 9) is **ADOPTED** the Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice to refiling.

2

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Hernandez v. Thaler*, 630 F.3d 420, 424 (5th Cir. 2011). The Court **ADOPTS** and incorporates by reference the Magistrate Judge's FCR filed in this case in support of its finding that Petitioner has failed to show that (1) reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

**SO ORDERED.**

May 18, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3